IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CABELL FINANCIAL CORP., | ) | CASE NO. 1:12 CV 473 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| THEODORE M. GURR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this diversity matter seeking repayment of a corporate debt

by its officer and directors[2] is a motion under Federal Rule of Civil Procedure 12(b)(2) by

defendant Larry L. Azure to dismiss the case against him for lack of personal jurisdiction.[3]

Plaintiff Cabell Financial Corp. opposes the motion,[4] and Azure has filed a reply to that

opposition.[5] Additional defendants Theodore M. Gurr and Annette Gurr have separately

moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) based on the complaint's

purported failure to state a claim for relief.[6]

---

[1] ECF # 4.

[2] ECF # 1.

[3] ECF # 15.

[4] ECF # 17.

[5] ECF # 18.

[6] ECF # 14.

For the reasons stated, I will recommend that Azure's motion be granted.

## Facts

There is no dispute that the underlying action is an attempt by Cabell to collect an unpaid judgement it obtained against Integrated Environmental Solutions, Inc. (IES), which is now insolvent, and by proceeding against individual officers and directors of IES. The complaint in the present matter asserts initially that the IES corporate veil should be pierced because IES was the alter ego of the defendants, who also breached their fiduciary duty to IES and conspired with each other to damage Cabell.[7] Once the veil is pierced, IES claims that the defendants should be held individually responsible "for the damages sustained by Cabell."[8]

Azure maintains that there is no basis for asserting personal jurisdiction over him under either the Ohio long-arm statute or the "minimum contacts" test of *International Shoe*.[9] Cabell responds that jurisdiction over Azure is not based on his personal minimum contacts with Ohio, but rather on jurisdiction over IES, which then applies to Azure, after the IES corporate veil is pierced, because IES is his alter ego.[10] In his response, Azure maintains that

---

[7] ECF # 1 at ¶¶ 15-32.

[8] *Id*. at ¶ 36.

[9] ECF # 15 at 5-9 (citing Ohio Rev. Code § 2307.382(A) and *International Shoe v. Washington*, 326 U.S. 310 (1945)). That Azure misidentified the correct portion of the Ohio Revised Code containing the long-arm statute is not material.

[10] ECF # 17 at 3.

the corporate veil can be pierced only upon a prima facie showing of misdeeds by the individual corporate officer.[11] Since, he contends, no such showing has been made here, there is no personal jurisdiction over him.[12]

## Analysis

**A.**    **Standards of review**

*1.*    *Rule 12(b)(2) and claims of personal jurisdiction in diversity cases*

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists."[13] As to a motion to dismiss under Rule 12(b)(2), the court may proceed according to one of three alternatives: it may (1) decide the motion on affidavits alone; (2) permit discovery in aid of deciding the motion; or (3) conduct an evidentiary hearing to resolve any apparent factual questions.[14]

As the Sixth Circuit has explained, the manner by which the burden of establishing personal jurisdiction is satisfied depends on "whether the trial court chooses to rule on written submissions or to hear evidence on the personal jurisdiction issue."[15] When the district court rules on submissions alone, the court must view the affidavits, pleadings, and

---

[11] ECF # 18 at 2 (citing *Hitachi Medical Syss. America v. Branch (Hitachi I)*, No. 5:09-CV-1575, 2010 WL 816344 (N.D. Ohio March 4, 2010) (Lioi, J.)).

[12] *Id.*

[13] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

[14] *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

[15] *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

related documentary evidence in the light most favorable to the plaintiff.[16] Further, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."[17] The plaintiff's burden in cases resolved on written submission is "relatively slight"[18] and is met by "a *prima facie* showing that personal jurisdiction exists."[19] When a pre-trial evidentiary hearing is conducted, the preponderance of the evidence standard applies.[20]

In a diversity case, a plaintiff must satisfy both the state-law requirements of the forum state and the requirements of federal due process to establish personal jurisdiction.[21] That said, the Sixth Circuit has found that "Ohio's long-arm statute is not coterminous with federal constitutional limits.[22] Thus, the Sixth Circuit teaches that "in evaluating whether

---

[16] *Bird*, 289 F.3d at 871.

[17] *Theunissen*, 935 F.2d at 1458.

[18] *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (internal quotation marks omitted).

[19] *Serras*, 875 F.2d at 1214.

[20] *Id.*; *see also*, *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (preponderance of the evidence standard not applicable if there was discovery on the jurisdictional issue but no evidentiary hearing because there was "no dispute" as to the facts).

[21] *Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. 2008).

[22] *Id.*; *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (citing *Estate of Thompson*, 545 F.3d at 361).

-4-

personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on whether there are minimum contacts between the non-resident defendant and the forum state so as to not offend 'traditional notions of fair play and substantive justice.'"[23]

**2.      *Alter ego/Piercing the corporate veil***

"Federal courts have consistently acknowledged that is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court."[24] The exercise of jurisdiction over an alter ego in such instances is compatible with due process because the corporation and its alter ego "'are the *same entity* – thus the jurisdictional contacts of one are the jurisdictional of the other for the purpose of *International Shoe* due process analysis.'"[25]

In particular, as was noted by Judge Lioi in *Hitachi Medical Systems of America v. Branch*, piercing the corporate veil to establish an alter ego for purposes of maintaining personal jurisdiction "requires application of 'a less onerous standard' than that necessary for piercing the corporate veil for liability purposes."[26] Specifically, in deciding whether to

_____

[23] *Bird*, 289 F.3d at 871-72 (quoting *Int'l Shoe*, 326 U.S. at 316).

[24] *Estate of Thompson*, 545 F.3d at 362 (citation omitted).

[25] *Hitachi I*, 2010 WL 816344, at *5 (quoting *Syss. Div., Inc. v. Teknek Elecs., Ltd.*, 253 F. App'x 31, 37 (Fed. Cir. (Cal.) 2007) (emphasis in original)).

[26] *Id.* (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)).

pierce the corporate veil so as to assert personal jurisdiction over a corporate officer or director, the court should only look to the question of whether the corporation was a shell for the person; it does not require then that the shell be shown to have been involved in fraud.[27]

In deciding whether a party claiming the existence of personal jurisdiction has met its burden by establishing the presence of an alter ego, federal courts sitting in diversity must apply the choice of law rules of the forum state to discern which alter ego analysis to employ.[28] But, if application of either the choice of law rule of the forum state or that of the state of incorporation does not change the outcome, no choice of law analysis is required.[29]

a.    *Ohio law*

In Ohio, under the test set out by the Supreme Court in *Belvedere Condominium Unit Owners' Association v. R.E. Roark Companies*,[30] a corporation's veil may be pierced and individual shareholders held liable, where: (1) the shareholders to be held liable exercised control over the corporation such that it had no mind, will, or existence of its own; (2) the

---

[27] *Marine Midland*, 664 F.2d at 904.

[28] *Hitachi*, 2010 WL 816344, at *5 (citations omitted).

[29] *Hitachi Medical Syss. America, Inc. v. Branch (Hitachi II)*, No. 5:09cv1575, 2011 WL 3921718, at *5 (N.D. Ohio Sept. 7, 2011) (Pearson, J.) (citations omitted).

[30]  *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 617 N.E.2d 1075 (1993).

shareholders used their control over the corporation to commit fraud, an illegal act, or a similarly unlawful act; and (3) the plaintiff suffered injury or unjust loss as a result.[31]

The first *Belvedere* element restates the alter ego doctrine by requiring a plaintiff to show that the individual and the corporation are "fundamentally indistinguishable."[32] To that end, Ohio courts consider such factors as: (1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred; (4) shareholders holding themselves out as personally liable for certain corporate obligations; (5) diversion of funds or other property of the company for personal use; (6) absence of corporate records; and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s).[33]

The Ohio Supreme Court in 2008 in *Dombroski v. WellPoint, Inc.* clarified the second prong of the *Belvedere* test by stating:

> [W]e hold that to fulfill the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Courts should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in cases of extreme shareholder misconduct.[34]

---

[31] *Id*. at 288-89, 617 N.E.2d at 1086; *Dombroski v. WellPoint, Inc.*, 119 Ohio St. 3d 506, 511, 895 N.E.2d 538, 543 (2008)).

[32] *Belvedere*, 67 Ohio St. 3d at 288, 617 N.E.2d at 1086.

[33] *Hitachi II*, 2011 WL 3921718, at *5 (citations omitted).

[34] *Dombroski*, 119 Ohio St. 3d at 513, 895 N.E.2d at 545.

As Ohio appeals courts have noted, in *Dombroski*, "the Ohio Supreme Court clarified that the second prong of the *Belvedere* test refers specifically to fraud or an illegal act and does not refer to mere unjust or inequitable acts that do not rise to the level of fraud or illegality."[35]

b.    *Delaware law*

As Judge Pearson noted in the second case of *Hitachi Medical Systems America, Inc. v. Branch*, "Delaware courts look to many of the same factors [in a veil-piercing analysis] as do Ohio courts."[36] Specifically, they consider whether: (1) corporate records were kept, (2) corporate formalities were observed, (3) officers and directors functioned properly, (4) the dominant shareholder(s) siphoned corporate funds, and (5) the corporation was a mere facade for the dominant shareholder(s).[37] *Hitachi II* found that under Delaware veil-piercing law, "a plaintiff must demonstrate a level of complete domination and control by the shareholder over the corporation in order to state a cognizable claim to pierce the corporate veil."[38] Thus, Delaware courts hold that to establish liability under an alter ego analysis, as in Ohio, "'[t]here must be an element of fraud to justify piercing the corporate veil.'"[39]

---

[35] *State ex rel. DeWine v. S&R Recycling, Inc.*, 961 N.E.2d 1153, 1159 (Ohio Ct. App. June 30, 2011) (citing *Dombroski*).

[36] *Hitachi II*, 2011 WL 3921718, at *5.

[37] *Id*. (citing *United States v. Golden Acres, Inc*., 702 F. Supp. 1097, 1104 (D. Del. 1988).

[38] *Id*.(citations omitted).

[39] *Id*. (quoting *Case Financial, Inc. v. Alden*, No. CIV. A. 1184-VCP, 2009 WL 2581873, at *4 (Del. Ch. 2009) (citation omitted)).

**B.     Application of standards**

*1.     Initial observations*

Before applying the above-stated law to Azure's motion, I make four initial observations:

a.     As Cabell states, its jurisdictional claim is based on piercing IES's corporate veil so that IES is seen as Azure's alter ego.[40] Accordingly, Cabell does not contest or rebut Azure's affidavit[41] containing facts showing that he lacked minimum contacts with Ohio sufficient to establish personal jurisdiction through Ohio's long-arm statute or *International Shoe*.[42] Thus, as discussed above, the issue of personal jurisdiction over Azure rests solely on whether IES's corporate veil may be pierced on the theory of alter ego.[43]

b.     As noted, the Sixth Circuit in *Theunissen v. Matthews* teaches that a plaintiff confronting a properly supported motion to dismiss for lack of personal jurisdiction may not rest on the pleadings but must, "by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."[44] Here, IES has supplied 15 pages of IES corporate filings from 1999 to 2012 as maintained by the Florida Secretary of State that show Azure as both an officer and director in 1999, and as only a director in subsequent years.[45] Azure does not dispute that he has been a director of IES.[46]

---

[40] ECF # 17 at 3.

[41] ECF # 15, Attachment.

[42] *See*, ECF # 18 at 1.

[43] Jurisdiction over IES has not here been contested.

[44] *Theunissen*, 935 F.2d at 1458.

[45] ECF # 17, Attachment.

[46] *See*, ECF # 18 at 2.

      c.      Neither party has requested further discovery or an evidentiary hearing. Therefore, the present motion, as discussed above, can be decided on the written record as filed, with Cabell thus only required to make a *prima facie* showing that personal jurisdiction exists over Azure as the alter ego of IES.

      d.      As explained above,[47] because the recommended result does not vary regardless of whether this Court applies Ohio or Delaware law regarding veil-piercing, I will analyze Cabell's jurisdictional claim under both but recommend that the Court need not decide which law ultimately applies.

**2.**     *Azure's motion to dismiss should be granted.*

I will analyze the current motion under the more lenient standard applied in jurisdictional matters.

For purposes of the more limited analysis required to determine jurisdiction and not to assert liability, I note that both Ohio and Delaware law look to whether, as in Ohio law, the corporation "had no mind, will or existence of its own"[48] or, under Delaware law, whether the shareholder exercised "complete dominance and control" over the corporation.[49] It must be noted that surviving a pretrial motion to dismiss for lack of personal jurisdiction does not relieve the party asserting jurisdiction from proving the facts upon which jurisdiction is based through a preponderance of the evidence at trial.[50]

---

[47] *Hitachi I*, 2010 WL 816344, at *5 (citation omitted).

[48] *Belvedere*, 67 Ohio St. 3d at 288-89, 617 N.E.2d at 1086.

[49] *Hitachi*, 2011 WL 3921718, at *5 (citations omitted).

[50] *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1215 (6th Cir. 1989) (quotation omitted).

-10-

As noted, the evidence in this case that Azure exercised "complete" dominance and control over IES, or, stated differently that IES had "no mind, will or existence of its own," are filings from the Florida Secretary of State covering the years 1999 to 2012 showing that Azure was a director of the corporation in those years and was an officer in 1999. Further, Cabell contends that IES was deficient in keeping its corporate records and in observing corporate formalities.

In this regard, the records submitted by Cabell show that Azure never served as the president/CEO or CFO of IES during the years in question but that others consistently occupied these positions. In addition, Cabell has submitted no evidence that Azure controlled these other persons in the corporate leadership of IES. Thus, purely on the face of the record and under either Ohio or Delaware law, Cabell has not met its burden of even making a *prima facie* case that Azure completely dominated or controlled IES or that IES had no mind, will, or existence of its own. Unrefuted evidence demonstrates that other persons lead IES as its president/CEO and controlled its finances as the CFO, persons not under Azure's control.

Accordingly, I recommend that Azure's motion to dismiss be granted because Cabell has not shown personal jurisdiction over him even under the less onerous standard of piercing the corporate veil in questions of jurisdiction.

## Conclusion

Accordingly, for the reasons stated above, I recommend that Azure's motion to dismiss be granted.

Dated:   November 27, 2012                        s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[51]

---

[51] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).