IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CABELL FINANCIAL CORP., | ) | CASE NO. 1:12 CV 473 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| THEODORE M. GURR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] in this diversity action alleging a civil conspiracy to defraud[2] is a motion by defendants Theodore M. Gurr and Annette Gurr (the Gurrs) to dismiss the case against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[3] Plaintiff Cabell Financial Corporation (Cabell) has responded in opposition,[4] and the Gurrs have replied.[5] For the reasons that follow, I will recommend that the Gurrs's motion to dismiss be granted.

---

[1] ECF # 4. The matter was referred to me for general pretrial supervision by United States District Judge Christopher A. Boyko.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 16.

[5] ECF # 19.

## Facts

As noted by Cabell, the background to the present matter is well-known to this Court.[6] Essentially, the receivers of Cabell are seeking to satisfy a judgment it has against Integrated Environmental Solutions, Inc. (IES) based on unpaid debt – a judgment on which IES has apparently defaulted – by seeking to pierce the IES corporate veil and proceed for collection against its officers and shareholders.[7]

To that end, the present complaint alleges that defendant Theodore M. Gurr, a Florida citizen, is the chief executive officer, a director and shareholder of IES, a Delaware corporation, and that defendant Annette Gurr, also a Florida citizen, is the majority shareholder of IES as well as an officer.[8] The complaint also maintains that the Gurrs: (a) failed to maintain necessary and required corporate formalities and records for IES;[9] (b) failed to file federal tax returns for IES in 2007, 2008, 2009, and 2010;[10] and (c) failed to properly capitalize IES.[11]

Cabell contends that by each of the acts the Gurrs breached and intentionally disregarded their fiduciary duties to IES and operated it as their alter ego so as to "commit

---

[6] ECF # 16 at 1.

[7] *Id.*

[8] ECF # 1 at ¶¶ 2, 3. The complaint also names Leo J. Azure as a defendant, and includes him in the actions described, but Azure is not a party to this motion.

[9] *Id.* at ¶ 11.

[10] *Id.* at ¶ 12.

[11] *Id.* at ¶ 13.

intentional unlawful acts" against Cabell, thereby causing damage.[12] Cabell claims that, as a result of this conduct, the IES corporate veil should be pierced and the Gurrs held individually responsible.[13] Cabell also alleges that the Gurrs conspired together and with Azure to deprive Cabell of its right to repayment under the original 2005 debt instruments by committing the acts listed above.[14]

The Gurrs, in their brief in support of the motion to dismiss,[15] argue initially that Delaware, the state of IES's incorporation, provides the law governing veil-piercing and that under Delaware law fraud must be shown to pierce a corporate veil.[16] They then maintain that because the complaint here fails to sufficiently allege fraud, it fails to state a claim for piercing the corporate veil.[17]

The Gurrs's motion further contends that none of the counts concerning non-compliance with corporate formalities, late filing of taxes, or undercapitalization state any factual allegations as to why these acts, if true, resulted in any wrong to Cabell or were used in furtherance of any conspiracy to harm Cabell.[18] Finally, the Gurrs assert that the civil

---

[12] *Id*. at ¶¶ 17, 18, 19, 23, 24, 25, 29, 30, 31.

[13] *Id*. at ¶¶ 20, 26, 32.

[14] *Id*. at 36.

[15] ECF # 14, Attachment 1.

[16] *Id*. at 5-6 (citing cases).

[17] *Id*. at 7.

[18] *Id*. at 7-12.

conspiracy allegation of count four does not state a claim for relief as a matter of law because: (1) an actionable civil conspiracy requires an underlying unlawful act, which is not alleged here; and (2) to the extent the purported conspiracy is grounded on the Gurrs's actions as directors, Cabell has no standing to argue that the Gurrs, as directors, breached their fiduciary duties to IES.[19]

Cabell responds by claiming that Ohio's law on veil-piercing, not Delaware's, should apply, although Cabell further maintains that making a choice of law decision here is unnecessary since the result will not change under either choice.[20] That said, Cabell then contends that fraud is not the only determining factor in piercing the veil under either Delaware or Ohio law, but that the corporate veil may also be pierced under the alter ego theory.[21]

## Analysis

### A.    Standard of review – Rule 12(b)(6)

As the Sixth Circuit recently reaffirmed in *Republic Bank and Trust Company v. Bear Stearns & Company, Inc.*,[22] the record must be viewed in the light most favorable to the

---

[19] *Id*. at 12-13.

[20] ECF # 16 at 3-4.

[21] *Id.* at 8-9.

[22] *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239 (6th Cir. 2012).

non-moving party and all well-pleaded allegations must be accepted as true.[23] However, the court "need not adopt 'a legal conclusion couched as a factual allegation.'"[24] Indeed, as was stated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*,[25] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26]

Rather, as the Supreme Court subsequently clarified in *Ashcroft v. Iqbal*,[27] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[28] The Supreme Court further stated that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]

---

[23] *Id*. at 246 (citing *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007)).

[24] *Republic Bank &Trust*, 683 F.3d at 246 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[25] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[26] *Id*. at 555.

[27] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[28] *Id*. at 663 (quoting *Twombly*, 550 U.S. at 570).

[29] *Id*. (citing *Twombly*, 550 U.S. at 556).

**B.      Piercing the corporation veil - liability**

*1.      Ohio law*

In Ohio, under the test set out by the Supreme Court in *Belvedere Condominium Unit Owners' Association v. R.E. Roark Companies*,[30] a corporation's veil may be pierced and individual shareholders held liable, where: (1) the shareholders to be held liable exercised control over the corporation such that it had no mind, will, or existence of its own; (2) the shareholders used their control over the corporation to commit fraud, an illegal act, or a similarly unlawful act; and (3) the plaintiff suffered injury or unjust loss as a result.[31]

The first *Belvedere* element restates the alter ego doctrine by requiring a plaintiff to show that the individual and the corporation are "fundamentally indistinguishable."[32] To that end, Ohio courts consider such factors as: (1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred; (4) shareholders holding themselves out as personally liable for certain corporate obligations; (5) diversion of funds or other property of the company for personal use; (6) absence of corporate records; and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s).[33]

---

[30]   *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 617 N.E.2d 1075 (1993).

[31]   *Id*. at 288-89, 617 N.E.2d at 1086; *Dombroski v. WellPoint, Inc.*, 119 Ohio St. 3d 506, 511, 895 N.E.2d 538, 543 (2008)).

[32]   *Belvedere*, 67 Ohio St. 3d at 288, 617 N.E.2d at1086.

[33]   *Hitachi II*, 2011 WL 3921718, at *5 (citations omitted).

The Ohio Supreme Court in 2008 in *Dombroski v. WellPoint, Inc.* clarified the second

prong of the *Belvedere* test by stating:

> [W]e hold that to fulfill the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Courts should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in cases of extreme shareholder misconduct.[34]

As Ohio appeals courts have noted, in *Dombroski*, "the Ohio Supreme Court clarified that

the second prong of the *Belvedere* test refers specifically to fraud or an illegal act and does

not refer to mere unjust or inequitable acts that do not rise to the level of fraud or illegality."[35]

**2.    *Delaware law***

As Judge Pearson noted in the second case of *Hitachi Medical Systems America, Inc.

v. Branch*, "Delaware courts look to many of the same factors [in a veil-piercing analysis]

as do Ohio courts."[36] Specifically, they consider whether: (1) corporate records were kept,

(2) corporate formalities were observed, (3) officers and directors functioned properly,

(4) the dominant shareholder(s) siphoned corporate funds, and (5) the corporation was a mere

facade for the dominant shareholder(s).[37] *Hitachi II* found that under Delaware veil-piercing

---

[34] *Dombroski*, 119 Ohio St. 3d at 513, 895 N.E.2d at 545.

[35] *State ex rel. DeWine v. S&R Recycling, Inc.*, 961 N.E.2d 1153, 1159 (Ohio Ct. App. June 30, 2011) (citing *Dombroski*).

[36] *Hitachi II*, 2011 WL 3921718, at *5.

[37] *Id.* (citing *United States v. Golden Acres, Inc*., 702 F. Supp. 1097, 1104 (D. Del. 1988).

law, "a plaintiff must demonstrate a level of complete domination and control by the shareholder over the corporation in order to state a cognizable claim to pierce the corporate veil."[38] Thus, Delaware courts hold that to establish liability under an alter ego analysis, as in Ohio, "'[t]here must be an element of fraud to justify piercing the corporate veil.'"[39]

Cabell's basis for piercing IES's corporate veil to assert liability against the Gurrs in this case rests on its assertion in count four of the complaint that the Gurrs conspired with other defendants to deprive Cabell of its right to repayment under a 2005 refinancing agreement and/or conspired to breach their fiduciary duties to IES.[40]

This assertion of conspiracy appears in the complaint as a mere conclusory statement without any supporting facts. The complaint alleges that the underlying wrong in this case – the object or purpose of the alleged conspiracy – was twofold: (1) the directors' breach of their fiduciary duty to IES to maintain corporate formalities, file taxes, and properly capitalize IES,[41] and (2) IES's breach of its obligation to repay Cabell under terms of the 2005 agreement.[42]

---

[38] *Id*.(citations omitted).

[39] *Id*. (quoting *Case Financial, Inc. v. Alden*, No. CIV. A. 1184-VCP, 2009 WL 2581873, at *4 (Del. Ch. 2009) (citation omitted)).

[40] ECF # 1 at ¶¶ 34-36.

[41] *See, id*. at ¶ 14.

[42] *Id*. at ¶¶ 8, 9.

That said, both Ohio[43] and Delaware[44] law mandate that an underlying unlawful act is required for a civil conspiracy. Yet, as to the assertion that the directors here conspired to breach their fiduciary duties to IES, neither Delaware[45] nor Ohio[46] law holds that corporate directors have any fiduciary duties to corporate creditors such as would give a creditor like Cabell standing to bring such a claim. So there can be no breach of duty here and thus no underlying unlawful act in this regard as to support a conspiracy claim.

Similarly, because a breach of contract is not a tort, in Ohio "a [breach of] contract claim cannot form the basis for a conspiracy claim."[47] Likewise, in Delaware "[a] breach of contract is not an underlying wrong that can give rise to a civil conspiracy claim."[48]

## C.    Application of standard

As is clear from the above authority, in order for Cabell to pierce the IES corporate veil – under either Ohio or Delaware law – to make the Gurrs liable for actions of IES, Cabell

---

[43] *Williams v. Aetna Financial Co.*, 83 Ohio St. 3d 464, 475, 700 N.E. 2d 859, 868 (1998) (citations omitted).

[44] *NACCO Induss., Inc. v. Applica Inc.*, 997 A.2d 1, 35 (Del. Ch. 2009) (citation omitted).

[45] *Simons v. Cogan*, 549 A.2d 300, 304 (Del. 1988).

[46] *In re National Century Fin. Enters., Inc. Inv. Litig.*, 604 F. Supp. 2d 1128, 1140 (S.D. Ohio 2009) (claims for breach of fiduciary duty belong to the corporation); *First Federal Savings & Loan Assoc. of Toledo v. Bostic*, No. 88AP-40, 1988 WL 115949, at * 3 (Ohio Ct. App. Oct. 27, 1988). "[T]here is no fiduciary duty between a director or officer of a corporation and a creditor/investor."

[47] *All Erection & Crane Rental Corp. v. Acordia Northwest, Inc.*, 162 F. App'x 554, 560 (6th Cir. 2006) (citation and internal quotation marks omitted).

[48] *NACCO Induss.*, 997 A.2d at 35.

must show that the Gurrs participated in a conspiracy with an unlawful purpose. Cabell contends that the conspiracy's end in this case was to breach a contractual duty by IES to repay a debt to Cabell and/or to breach the directors' fiduciary duties to IES. However, neither Ohio nor Delaware regard a mere breach of contract as a sufficient wrong on which to base a conspiracy claim and a creditor has no standing to raise a claim that corporate directors have breached their fiduciary duties to the corporation. Thus, I recommend, as a matter of law, that the facts, when viewed most favorably to Cabell, do not set forth a claim upon which relief may be granted against the Gurrs.

## Conclusion

For the above reasons, I recommend that the Gurrs's motion be granted and the claims against them be dismissed

Dated:  November 27, 2012                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[49]

---

[49] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).